

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ADAM MATHERLY and**
**JANNA M. MATHERLY,**
**husband and wife,**

           Plaintiff

           CIVIL NO. 3:16 cv 117

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

SERVE:   David N. Anthony, Registered Agent
           Troutman Sanders, LLP
           1001 Haxall Point
           Richmond, VA 23219

**TRANS UNION, LLC.,**

SERVE:   Corporation Service Company, Registered Agent
           Bank of America Center, 16th Floor
           1111 East Main Street
           Richmond, VA 23219

           **Defendants**

## COMPLAINT

COMES NOW the Plaintiffs, ADAM MATHERLY and JANNA M. MATHERLY, husband and wife, (hereafter collectively the "Plaintiffs") by counsel, and for their complaint against the Defendants, they allege as follows:

### PRELIMINARY STATEMENT

1.    This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

## JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 28 U.S.C. §1367. Venue is proper as all relevant events occurred in this District where the Plaintiffs reside.

## PARTIES

3. The Plaintiffs are natural persons and resident of the State of Virginia. They are "consumers" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, **EXPERIAN INFORMATION SOLUTIONS, INC.** ("*Experian*") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

5. Upon information and belief, *Experian* is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f). Upon information and belief, *Experian* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

6. Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, **TRANS UNION, LLC.** ("*Trans Union*") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

8. Upon information and belief, *Trans Union* is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f). Upon information and belief, *Trans Union* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

9. Upon information and belief, *Trans Union* disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

10. Prior to November 2012, the Plaintiffs had contracted to build and finance the construction of their new home through Bank of Essex.

11. Over the course of the construction process a number of disputes arose between Plaintiffs and Bank of Essex.

12. On November 26, 2012 the Plaintiffs filed Chapter 13 bankruptcy in an effort to avoid the loss of their home as a result of these disputes. The Bank of Essex debt was included in bankruptcy.

13. The Plaintiffs claims against the Bank of Essex and vice versa were ultimately resolved in the bankruptcy case.

14. As part of the efforts to resolve the Bank of Essex claims it was necessary for the Plaintiffs to find alternate financing for their home loan. For that purpose they obtained and reviewed their personal credit reports.

15. In September 2013 Plaintiffs requested and received their credit reports from Experian and Trans Union and learned that Experian and Trans Union inaccurately reported that a Nordstrom account remained past due and owing with Trans Union reporting a status of last reported delinquency of 08/2013 and Experian reporting a status of "charge off $15,556 past due as of Oct 2013".

16. The Plaintiffs' bankruptcy records identified the Nordstrom credit account as "included in bankruptcy".

17. Nevertheless, Experian and Trans Union inaccurately reported that the Nordstrom account was not included in bankruptcy and incorrectly remained significantly past due.

18. When the Plaintiffs learned of these inaccuracies as a result of reviewing their credit reports, they made written disputes directly to Experian and Trans Union.

19. Notwithstanding the Plaintiffs' written disputes, Experian responded with an investigation result dated October 31, 2013, indicating that the Nordstrom account had been "updated", however, the Nordstrom account continued to be reporting as a "charge off" with a past due balance of $15,556.

20. The Nordstrom account continued to not be reported as "included in bankruptcy".

21. Defendants each received, but ignored the Plaintiff's dispute letters and did refuse to delete the inaccurate information regarding the account from the Plaintiffs' credit files.

22. Defendants each had actual knowledge of the inaccuracies and deliberately chose to ignore and permit same.

23. After receiving Plaintiffs' notices of the inaccuracies and within the two years preceding the filing of this action, Experian and Trans Union prepared and published to third parties multiple inaccurate consumer reports about Plaintiffs which contained the inaccurate information.

**COUNT ONE: FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681e(b)**

24. The Plaintiffs reallege and incorporate paragraphs 1 through 23 above as if fully set out herein.

25. Defendants, Experian and Trans Union violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiffs' credit reports and credit files it published and maintains concerning the Plaintiffs during the two years preceding this filing.

26. As a result of the conduct, actions and inactions of Experian and Trans Union the Plaintiffs suffered actual damages including without limitation, by example only and as

described herein on Plaintiffs' behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

27. Experian and Trans Union's conduct, actions and inactions were willful, rendering Experian and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Experian and Trans Union were negligent entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

28. The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiffs demand judgment for actual, statutory and punitive damages against the Defendants for their attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

                         ADAM MATHERLY and
                         JANNA M. MATHERLY,

                         By_____
                              Of Counsel

LEONARD A. BENNETT, VSB #37523
SUSAN M. ROTKIS, VSB #40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
Email: lenbennett@clalegal.com
       srotkis@clalegal.com
(757) 930-3660
(757) 930-3662 facsimile